UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| JAMES WEBB, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00472-JPH-DLP |
| | ) | |
| RICHARD BROWN, Warden, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION FOR JUDGMENT ON THE PLEADINGS,
DENYING ALL OTHER PENDING MOTIONS AS MOOT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

**1. Introduction**

In this 42 U.S.C. § 1983 prison conditions action, plaintiff Indiana inmate James Webb is suing the Warden of his correctional facility for not having ladders attached to the bunk beds in his housing area. Dkt. 2. The Defendant, the Warden of the Wabash Valley Correctional Facility (WVCF), seeks judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), contending that the law is clear that prison authorities do not need to provide ladders with bunkbeds. Dkt. 28. Mr. Webb has not responded with authority contrary to that of the Warden's. Dkt. 30. Because the law is clear that a prison's act of not providing ladders with bunkbeds is, at the most, ordinary negligence and not deliberate indifference, the Warden's motion is granted.

**2. The Complaint**

Mr. Webb alleged in his complaint that in his prison housing area, none of the bunkbeds are equipped with ladders. Dkt. 2, p. 3. He is assigned to a top bunk and has fallen and cut his shin because of the absence of a ladder. *Id.* The Warden is aware of the need for ladders because, his complaint alleges, there are ladders welded to bunk beds in a different housing area. *Id.* Mr. Webb

is forced to use a plastic chair to get in and out of his bunk, and because it moves Mr. Webb alleges that it is dangerous. *Id.*, p. 4.

**3. Legal Standard**

After the pleadings are closed but early enough not to delay trial, a defendant may move for judgment on the pleadings for the reason that a complaint fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(c). "[A] motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is subject to the same standard as a Rule 12(b)(6) motion to dismiss." *Katz-Crank v. Haskett*, 843 F.3d 641, 646 (7th Cir. 2016). "To survive a Rule 12(b)(6) motion, the complaint must 'state a claim for relief that is plausible on its face.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court must "accept the allegations in the complaint as true unless they are 'threadbare recitals of a cause of action's elements, supported by mere conclusory statements.'" *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). A reviewing court draws all reasonable inferences and facts in favor of the non-movant but need not accept as true any legal assertions. *Vesely v. Armslist LLC*, 762 F.3d 661, 664-65 (7th Cir. 2014).

**4. Analysis**

Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981). The Warden argues that an absence of bunkbed ladders is a common and accepted condition in prisons across the United States. *See Withers v. Wexford Health Sources, Inc.*, 710 F.3d 688, 689 (7th Cir. 2013) (noting that a common feature of prison bunkbeds is the absence of ladders) (collecting cases). The question of whether this common feature is an Eighth Amendment violation has been addressed by several district courts of this Circuit. As recently as this year an Illinois district court considered a jail's lack of bunkbed ladders:

2

> Nor is a lack of a ladder in plaintiffs' cells a violation of their constitutional rights. *See Barbosa v. McCann*, Case No. 08 C 5012, 2009 WL 2913488 at *4 (N.D. Ill. Sept. 8, 2009) ("Although it was inconvenient for Plaintiff to use the toilet and sink to climb to his bunk because there was no ladder, routine discomfort is . . . not sufficiently grave to form the basis of an Eighth Amendment violation."); *Brown v. Jerome Combs Detention Center*, Case No. 13-2232, 2013 WL 6730837 at *2 (C.D. Ill. Dec. 20, 2013) ("The failure to provide a ladder by which [plaintiff] could ascend to the top bunk does not implicate his Eighth Amendment rights."). Lack of a ladder is, at best, an inconvenience, not a deprivation of the minimum necessities of life.

*Gonzalez v. Josephson*, No. 14-cv-4366, 2019 WL 1013737 (N.D. Ill. March 4, 2019).

Before *Gonzalez*, other district courts routinely dismissed such claims finding that the condition does not pose a serious risk of harm, thus no Eighth Amendment violation. *See, e.g., Leggero v. Tact*, No. 10 C 50243, 2010 WL 5135910 (N.D. Ill. 2010) (citing *Robinett v. Corr. Training Facility*, No. C 09-3845 SI (pr), 2010 WL 2867696, at *2 (N.D. Cal. July 20, 2010)) (concluding on § 1915A review that a failure to provide a ladder to top bunk inmates does not satisfy objective or subjective prongs of an Eighth Amendment claim); *Brown v. Anderson*, C/A No. 09-2632-JFA-WMC, 2010 WL 199692, at *2 (D.S.C. Jan. 13, 2010) (finding no § 1983 deliberate indifference cause of action for a claim that the defendants failed to provide a safe way for plaintiff to get into six-foot high upper bunk); *Jones v. La. Dept. of Public Safety and Corr.*, No. 08-cv-1507, 2009 WL 1310940, *2 (W.D. La. May 11, 2009) (dismissing on § 1915A review a claim for a prisoner injured when his foot slipped on cell bars he had to climb to reach his upper bunk because such a condition did not satisfy objective prong of Eighth Amendment test); *Connolly v. County of Suffolk*, 533 F. Supp. 2d 236, 241 (D. Mass. 2008) (absence of ladders on bunk beds did not amount to the deprivation of a minimal civilized measure of life's necessities).

The absence of a ladder or steps on a bunk bed is simply not a sufficiently serious condition to support a § 1983 claim. The lack of a ladder does not violate the very basic requirement that prison officials provide prisoners the "minimal civilized measure of life's necessities." *Farmer v.*

*Brennan*, 511 U.S. 825, 834 (1994). A ladder to access an upper bunk of a bunk is not a basic human need.

Mr. Webb has not alleged that he suffers from any medical condition or impairment that makes it more difficult or impossible to access an upper bunk without a ladder and that, therefore, his medical condition was not addressed. Dkt. 2. He does not allege that he should have been provided a bottom bunk pass. *Id.* His claim is based entirely on the Warden's act of not providing bunkbed ladders in all of the prison's bunkbeds. So pled, the complaint fails to state a claim upon which relief can be granted, and the Warden's motion for judgment on the pleadings, dkt. [28], is **granted**. *See* 28 U.S.C. § 1915A.

Because the motion for judgment on the pleadings has been granted, all other pending motions, dkts. [34] and [39], are **denied as moot**.

### 5. Conclusion

This action is **dismissed with prejudice**. Final judgment consistent with this Order shall now enter.

**SO ORDERED**.

Date: 11/27/2019

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

James Webb
920832
Wabash Valley Correctional Facility – Inmate Mail/Parcels
Electronic Service Participant – Court Only

Marley Genele Hancock
Indiana Attorney General
marley.hancock@atg.in.gov

Jordan Michael Stover
Indiana Attorney General
jordan.stover@atg.in.gov